UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE DICKENS, #661911,

        Petitioner,

                                        CASE NO. 2:17-CV-11560
v.                                    HONORABLE PAUL D. BORMAN

WILLIS CHAPMAN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS TO AMEND, TO APPOINT COUNSEL, AND TO DISMISS THE ANSWER

This matter is before the Court on Petitioner's motions to amend his habeas petition to add a jurisdictional claim or claims, to appoint counsel, and to dismiss Respondent's answer to the habeas petition. Petitioner submitted the motions after Respondent filed an answer to the habeas petition and the state court record. Petitioner's motions must be denied.

First, as to the motion to amend, the Court has discretion to allow amendment of a habeas petition once a responsive pleading has been filed. *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; FED. R. CIV. P. 15(a); *Rose v. Lundy*, 455 U.S. 509, 520-21 (1982). It is well-settled, however, that a state prisoner filing a habeas petition under 28 U.S.C. §2254 must exhaust available

state court remedies as to all of his claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.  *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, the record indicates that Petitioner did not fully exhaust his new jurisdictional claim(s) in the state courts because he did not properly appeal to the Michigan Court of Appeals and/or the Michigan Supreme Court following the lower courts' denials of relief. The Court will not allow Petitioner to amend his habeas petition to add an unexhausted claim. Petitioner also fails to show good cause for his delay in presenting his new claim(s) to this Court – or for failing to properly exhaust the claim(s) in the state courts. An amendment at this late date is unjustified.

Furthermore, to the extent that Petitioner raises jurisdictional defects, an amendment would be futile because such claims are not cognizable on federal habeas review. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, \*2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, \*2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, \*5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). A state court's

interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001). Petitioner thus fails to state a claim upon which habeas relief may be granted as to any alleged state court jurisdictional defects.

Second, as to the motion to appoint counsel, a habeas petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

In this case Petitioner has submitted pleadings in support of his claims, Respondent has filed an answer to the habeas petition and the state court record, and Petitioner has recently filed a reply. The matter is now pending before the Court and no further pleadings are required. An initial review of the pleadings indicates that neither an evidentiary hearing nor discovery are necessary at this time and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). The Court

4

will bear in mind Petitioner's request if, upon a more detailed review of the case, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion.

Lastly, as to the motion to dismiss, the Court acted within its discretion in allowing Respondent to either respond to Petitioner's answer to the motion to dismiss or withdraw the motion to dismiss and instead file an answer addressing the merits of Petitioner's claims. *See ACLU v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) ("a district court has broad discretion to manage its docket"). Respondent complied with the Court's order by withdrawing the motion to dismiss and filing an answer to the habeas petition and the state court record in a timely manner. Moreover, a default judgment is unavailable in a federal habeas proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely or sufficient response to the petition. *See, e.g., Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). There is no basis to dismiss Respondent's answer. Accordingly, the Court **DENIES** Petitioner's motions.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2018