## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

      Petitioner,

v.

WILLIS CHAPMAN,[1]

      Respondent.

_____/

CASE NO. 2:17-CV-11560
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

Everege Vernor Dickens, ("petitioner"), presently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction of armed robbery, Mich. Comp. Laws § 750.529, three counts of possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, carjacking, Mich. Comp. Laws § 750.529a, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, third-degree fleeing and eluding a police officer, Mich. Comp. Laws §

_____

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

1

257.602a(3), and carrying a concealed weapon (CCW), Mich. Comp. Laws

§ 750.227. He was sentenced, as a second habitual offender, Mich. Comp. Laws

§ 769. 10, to 20 to 80 years' imprisonment for the armed robbery and carjacking

convictions, two years' imprisonment for each felony-firearm conviction, three to

seven and one-half years' imprisonment for the felon in possession of a firearm

conviction, and two to seven and one-half years' imprisonment for the third-degree

fleeing and eluding a police officer and CCW convictions. For the reasons stated

below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the

Oakland County Circuit Court. This Court recites verbatim the relevant facts

relied upon by the Michigan Court of Appeals, which are presumed correct on

habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d

410, 413 (6th Cir. 2009).

> Defendant's convictions arise from the armed robbery of an elderly man
> at a gas station during the lunch hour. The victim was near his Cadillac
> when he was approached by defendant. Defendant pointed a gun at the
> victim and demanded money. The victim handed over money. Defendant
> took the victim's keys and entered his Cadillac. The victim screamed out
> for help, and a store clerk came to the victim's aid and called 911.
>
> Two police officers were returning from lunch in an unmarked police
> car. One of the officers saw defendant approach the victim in a deliberate

manner, saw the victim back away with his hands raised, and saw defendant enter the victim's vehicle. The officer driving the unmarked vehicle attempted to block the Cadillac from leaving the gas station, but defendant struck the officers' vehicle and fled. Because the unmarked vehicle did not have appropriate lights and sirens, the officers followed defendant until marked vehicles could pursue him. Once the marked vehicles arrived on the scene, the officers that observed the carjacking returned to the gas station where it was learned that defendant brandished a weapon at the victim. Multiple officers in vehicles gave chase and performed a maneuver that caused defendant to crash the Cadillac. Defendant ignored officers' requests to raise his hands, and when he tried to flee, he was shot and fell in a grassy area. There, officers arrested him and found a loaded gun on him. Although the victim could not identify defendant at the preliminary examination, multiple officers identified defendant as the perpetrator of the offenses.

*People v. Dickens*, No. 314267, 2014 WL 2753708, p. 1 (Mich. Ct. App. June 17, 2014), *rev'd in part, appeal denied in part*, 498 Mich. 915, 871 N.W.2d 159 (2015).

On January 5, 2016, petitioner filed with the trial court a Complaint for Writ of Habeas Corpus, which the trial court construed as a motion for relief from judgment. In his motion, he challenged the following alleged irregularities: (1) the Complaint (i.e., General Information dated June 11, 2012) was never "authorized" by a judge or magistrate rendering Defendant's conviction 'void'; (2) the General Information dated June 11, 2012, failed to identify the specific Assistant Prosecuting Attorney charging Defendant with the offenses set forth in the General Information; and (3) the Assistant Prosecuting Attorney wrongfully sought an enhanced sentence against Defendant in this matter.

The trial court judge denied petitioner's motion on February 16, 2016, finding that petitioner "failed to set forth *any* reason for his failure to raise these issues on appeal." (Emphasis Original).  The Court further found that petitioner had not shown "actual prejudice" pursuant to M.C.R. 6.508(D)(3)(b)(I), further found petitioner not entitled to relief citing M.C.R. 6.508(D)(3), and then denied his motion pursuant to M.C.R. 6.504(8)(2). *People v. Dickens,* No. 2012-241989-FC (Oakland Cty. Cir. Ct. Feb. 16, 2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.      Confrontation Clause violation.

II.     Failure to disclose exculpatory evidence.

III.    Authentication of evidence.

IV.     Ineffective assistance of trial counsel.

V.      The filing of a habitual-offender notice.

VI.     The mandatory guidelines/judge-found facts claim.

VII.    Prosecutorial Misconduct.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. DISCUSSION

### A. Claim # 1. The Confrontation Clause.

Petitioner alleges that his right to confrontation was violated by 1) the trial court's admission of the victim's preliminary examination testimony and 2) the prosecutor's failure to show the exercise of due diligence in making the victim available for trial.

The Michigan Court of Appeals rejected the claim:

In the present case, defendant contends that the prosecutor failed to make a due diligence showing regarding unavailability. Here, the prosecutor advised the trial court that the victim was hospitalized for a period of days before trial after being taken to the hospital by ambulance. Although at the time of trial the victim had returned home,

the prosecutor stated to the court that the victim remained in ill health and that his health would be compromised if he were to leave his home to testify in court. The trial court recognized that the prosecutor is an officer of the court and that it had no reason to disbelieve him. Defense counsel cross-examined the victim at the preliminary examination and conceded that the preliminary examination testimony was admissible if he was unavailable. Moreover, the victim's son testified at trial regarding his father's three recent hospitalizations. Thus, the evidence supported that the victim was unavailable to testify and defendant had an opportunity to cross-examine him. Defendant's due diligence challenge is without merit.

*People v. Dickens*, 2014 WL 2753708, p. 3 (internal citations omitted).

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *See Crawford v. Washington,* 541 U.S. 36 (2004).  Although an exception to the confrontation requirement exists where a witness is unavailable and gave testimony at previous judicial proceedings against the same defendant which was subject to cross-examination, this exception is inapplicable "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber v. Page*, 390 U.S. 719, 724-25 (1968); *see also Hamilton v. Morgan*, 474 F.3d 854, 858 (6th Cir. 2007).

When prosecutors seek to admit a non-testifying witness's preliminary hearing testimony, the Confrontation Clause requires two things: first, the prosecution must establish that the declarant is "unavailable" by showing that prosecutorial authorities made a good-faith effort to obtain the declarant's presence at trial, and, second, to satisfy the "indicia of reliability" requirement, the prosecution must demonstrate that the defendant had an adequate opportunity to cross-examine the declarant at the preliminary examination. *See Pillette v. Berghuis,* 630 F. Supp. 2d 791, 804 (E.D. Mich. 2009); *rev'd on other grds,* 408 F. App'x 873 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011)(citing *McCandless v. Vaughn*, 172 F.3d 255, 265 (3rd Cir. 1999)). The lengths to which the prosecution must go to produce a witness, such that the admission of the witness's prior, confronted testimony at the subsequent trial does not violate the Confrontation Clause, is a question of reasonableness. *Hardy v. Cross,* 565 U.S. 65, 70 (2011)(quoting *Ohio v. Roberts*, 448 U.S. 56, 74 (1980)). The Supreme Court noted that "when a witness disappears before trial, it is always possible to think of additional steps that the prosecution might have taken to secure the witness's presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising." *Id.*, at 71-72. Most importantly, "the deferential standard of review set out in 28 U.S.C. § 2254(d)

does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Id*. at 72.

The trial court and the Michigan Court of Appeals reasonably rejected petitioner's Confrontation Clause claim. When the prosecution claims that a witness is unavailable for health reasons, a trial court must make a case-specific finding of necessity before the admission of that witness's prior testimony in *lieu* of live testimony will satisfy the Confrontation Clause. *See Stoner v. Sowders,* 997 F.2d 209, 212 (6th Cir. 1993)(citing *Maryland v. Craig*, 497 U.S. 836, 855 (1990)). When the prosecution claims that a witness is unavailable due to an illness, "the specific inquiry must focus on both the severity and duration of the illness. The trial court must inquire as to the specific symptoms of the illness to determine what tasks the patient is able to perform, and the court must determine whether there is the probability that the illness will last long enough 'so that, with proper regard to the importance of the testimony, the trial cannot be postponed.'" *Id.* at 212-13 (quoting *Burns v. Clusen*, 798 F.2d 931, 937-38 (7th Cir. 1986)).

The trial court properly found that the victim was unavailable to testify, in light of the fact that the witness was hospitalized for a period of days before trial, was taken to the hospital by ambulance, and that the victim remained in ill health

which would be compromised if he were to leave his home to testify in court. *See United States v. Bruce,* 142 F.3d 437 (Table); 1998 WL 165144, p. 5-6 (6th Cir. Mar. 31, 1998)(district court did not err in admitting witness's videotaped deposition at criminal trial pursuant to F.R.E. 804(a)(4), where the witness had undergone abdominal surgery eleven days prior to trial and doctor indicated in note that witness would not be able to tolerate automobile ride to court due to post-surgical discomfort); *see also Ecker v. Scott,* 69 F.3d 69, 73 (5th Cir. 1995)(robbery victim suffering from bone cancer and hip fracture was "unavailable" to testify at petitioner's second prosecution, and, thus, admitting her prior testimony did not violate Confrontation Clause, even though petitioner claimed that victim might have been able to testify in four weeks).

"A good-faith effort...is not an ends-of-the-earth effort, and the lengths to which the prosecution must go to obtain a witness generally amount to a question of reasonableness." *United States v. Cheung*, 350 F. App'x 19, 23 (6th Cir. 2009)(internal quotation marks, citations, and alterations omitted). The Court finds that the prosecution and law enforcement made a good faith effort to bring the victim to trial. *See Winn v. Renico,* 175 F. App'x 728, 739 (6th Cir. 2006). Under the AEDPA's deferential standard of review, this Court concludes that the

Michigan Court of Appeals' rejection of petitioner's claim was a reasonable determination, precluding habeas relief.

The second prong for admission of the victim's preliminary examination testimony was also satisfied because petitioner had an opportunity to cross-examine the victim at the preliminary examination.

Petitioner is not entitled to habeas relief in the absence of any Supreme Court precedent to support his argument that his opportunity to cross-examine the victim at his own preliminary hearing was inadequate to satisfy the requirements of the Confrontation Clause. *See Williams v. Bauman,* 759 F.3d 630, 635-36 (6th Cir. 2014).  Although "there is some question whether a preliminary hearing necessarily offers an adequate prior opportunity for cross-examination for Confrontation Clause purposes[.]," *see Al–Timimi v. Jackson*, 379 F. App'x 435, 437 (6th Cir. 2010), *see also Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007)(doubting whether "the opportunity to question a witness at a preliminary examination hearing satisfies the pre-*Crawford* understanding of the Confrontation Clause's guarantee of an opportunity for effective cross-examination")(internal quotation marks omitted), the Sixth Circuit in *Al-Timini* noted that the Supreme Court in *Barber* indicated that "there may be some justification for holding that the opportunity for cross-examination of a witness at

a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable." *Al-Timini*, 379 F. App'x at 438 (quoting *Barber*, 390 U.S. at 725-26). The Sixth Circuit in *Al-Timini* also noted that the Supreme Court appeared "to have retreated from the doubts it expressed in *Barber* by finding that the opportunity for cross-examination afforded at a preliminary examination may satisfy the Confrontation Clause in at least some circumstances." *Id.* The Sixth Circuit in *Al-Timini* observed that the Supreme Court in the cases of *California v. Green,* 399 U.S. 149 (1970) and *Ohio v. Roberts,* 448 U.S. 56 (1980) had found no Confrontation Clause violation by the admission of an unavailable witness's preliminary examination testimony because the defendants in both cases had the opportunity to cross-examine the witness at the preliminary examination. *Al-Timini*, 379 F. App'x at 438-39. At the preliminary hearing in this case, petitioner was represented by counsel, who was given a full opportunity to cross-examine the victim, without any restriction by the examining magistrate, and who took advantage of this opportunity to the extent that he saw fit. Accordingly, the trial judge's decision to admit the victim's testimony from the preliminary examination when the victim was unavailable to testify was not contrary to, or an unreasonable application of clearly established federal law. *Williams,* 759 F. 3d at 635-36; *Al-Timini*, 379 F. App'x at 439.

Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The Exculpatory Evidence claim.**

Petitioner claims that the prosecution failed to disclose several forensic laboratory reports compiled before trial "to prove if there [were] any fingerprints on the gun or weapon." (Habeas Petition, ECF No. 1, p. 6).

To prevail on his claim, petitioner must show (1) that the state withheld exculpatory evidence and (2) that the evidence was material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985). In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002).

Petitioner speculates that lab reports may exist in connection with the gun/weapon. He states that he is "not in charge of getting these types of records from the Forensic Lab" and claims that if his attorney withheld the reports from him and the court, he would then have an ineffective assistance of counsel claim for violation of his constitutional rights. (Reply to Answer, ECF No. 22, p. 7).

Petitioner is not entitled to habeas relief because he failed to show that the prosecutor failed to turn over to the defense various laboratory reports. A habeas petitioner bears the burden of showing that the prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012). Petitioner has failed to show that such evidence was suppressed.

Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F.3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding). Therefore, allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).

Petitioner attaches two reports that state that fingerprinting was not requested. The Michigan Court of Appeals reasonably found that "the record

lacks evidence to support [petitioner's] conclusion that the reports were not provided, and further, there is no indication that the reports contained exculpatory evidence." *People v. Dickens*, 2014 WL 2753708, p. 7. Petitioner is not entitled to relief on his second claim.

### C. Claim # 3. The failure to sufficiently authenticate evidence claim

Petitioner alleges that the trial court violated the Michigan Rules of Evidence by failing to sufficiently authenticate the weapon/gun prior to admitting it into evidence.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000); *see also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003). Petitioner's claim that the gun/weapon was not properly authenticated under Michigan evidence law is not a cognizable habeas corpus claim. *See Hennis v. Warden, Chillico the Corr. Inst.*, 886 F. Supp. 2d 797, 807 (S.D. Ohio 2012). Petitioner is not entitled to relief on

his third claim.

**D.  Claim # 4.  The ineffective assistance of trial counsel claims.**

Petitioner alleges that trial counsel was ineffective by failing to visit him before trial within sufficient time to prepare for his defense, failed to move to dismiss the charges, failed to use a peremptory strike to remove a biased juror, and failed to move for a due diligence hearing.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694. "*Strickland's* test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the

§ 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he did. *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

Petitioner alleges that his trial counsel was ineffective by failing to adequately prepare his defense. The Michigan Court of Appeals rejected petitioner's contention finding:

> Defendant contends that his trial counsel's assistance was ineffective because he visited with defendant only twice before trial and was not adequately prepared for trial. Although lack of adequate trial preparation can constitute ineffective assistance of counsel, *People v. Dixon*, 263 Mich.App 393, 396–397; 688 NW2d 308 (2004), it is not apparent from the record that trial counsel was unprepared. Defense counsel argued that the victim could not identify the perpetrator when he testified at the preliminary examination, defendant was not wearing dark clothing, the police cruiser videos were inconsistent, and objected

18

to the admissibility of the handgun admitted at trial. "In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefited (sic) the defendant." *People v. Bass*, 223 Mich.App 241, 252–253; 565 NW2d 897 (1997), vacated in part on other grounds 457 Mich. 866 (1998). Here, defendant fails to identify any evidence on appeal that would have substantially benefitted him at trial.

*People v. Dickens*, 2014 WL 2753708, p. 5.

A habeas petitioner cannot show deficient performance or prejudice resulting from counsel's failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material to his defense. *See Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002). Petitioner cannot prevail on his claim that trial counsel was ineffective for failing to adequately prepare his case or conduct a minimal investigation because he has failed to show how additional pretrial work that counsel had allegedly been deficient in failing to perform would have been beneficial to his defense. *See Martin v. Mitchell,* 280 F.3d 594, 607-08 (6th Cir. 2002).

A defense attorney's failure to consult with his client is not a *per se* violation of the defendant's Sixth Amendment rights. *Buitrago v. Scully*, 705 F. Supp. 952, 955-56 (S.D.N.Y. 1989). Therefore, a counsel's failure to visit or

discuss a case with a defendant prior to trial and to completely review the evidence with the defendant would not render defense counsel's assistance ineffective, absent a showing of how the alleged deficiencies prejudiced the outcome of the trial. *See United States v. Goudy*, 792 F.2d 664, 672 (7th Cir. 1986).

Even if counsel allegedly failed to meet with petitioner before trial, petitioner has failed to offer any arguments or otherwise show how additional consultation with his counsel could have altered the outcome of the trial. *See Bowling v. Parker,* 344 F.3d 487, 506 (6th Cir. 2003). Assuming that petitioner's trial counsel spent little time with him that is not enough under *Strickland* to establish ineffective assistance of counsel, without evidence of prejudice or other defects. *Id.* Trial counsel's alleged failure to consult with petitioner did not prejudice him, and thus did not amount to ineffective assistance of counsel.

Petitioner contends that trial counsel was ineffective by failing to move to dismiss the charges, on the ground that there had been insufficient evidence at the preliminary examination to bind petitioner over for trial, because the victim was unable to identify petitioner as the perpetrator.

A preliminary examination was conducted on July 2, 2012. At the hearing, the victim testified that he was getting gas at the gas station and had money in his

hand to give to the owner.  He further testified that a man approached him and said "Give me money." The victim testified that the man was black, but could not determine if the man was in the courtroom during the hearing.  The victim then testified that the man put a gun to his chest, took the money, reached into his pocket, took his wallet, and then took his car keys and drove away. (Preliminary Examination Tr., ECF No. 18-2, PgId 1046, 1048-1050).  The prosecutor also indicated that the main witnesses consisted of police officers who watched the carjacking in progress and the video which captured images of the carjacking and robbery. (*Id*. at 1056).

In this case, there was sufficient evidence presented at the preliminary examination concerning petitioner's identity as the perpetrator of the carjacking and armed robbery.  Accordingly, petitioner is unable to show that counsel was ineffective for failing to file a motion to quash the information. *See e.g. Dell v. Straub,* 194 F. Supp. 2d 629, 649 (E.D. Mich. 2002)(counsel not ineffective for failing to object to the allegedly improper bindover of petitioner at the preliminary examination, when there was sufficient evidence presented at the examination to justify the bindover).

Petitioner alleges that trial counsel was ineffective by failing to remove a biased juror who said he would try to be impartial, when he was told that

petitioner had a constitutional right not to testify, and another juror who indicated that she had seen petitioner's case on the news and had a discussion about it with family members. (Reply to Answer, ECF No. 22, p. 8).

To maintain a claim that a biased juror prejudiced him, for purposes of maintaining an ineffective assistance of counsel claim, a habeas petitioner must show that the juror was actually biased against him. *See Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001); *see also Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001)(when a claim of ineffective assistance of counsel is founded on a claim that counsel failed to strike a biased juror, the defendant must show that the juror was actually biased against him).

"Challenges for cause are subject to approval by the court and must be based on a finding of actual or implied bias." *Hughes v. United States*, 258 F.3d at 458 (quoting *Virgin Islands v. Felix*, 569 F.2d 1274, 1277 n. 5 (3rd Cir. 1978)).

Counsel is not ineffective in failing to challenge a juror for cause, when a juror indicates that he can be fair and impartial. *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 861 (E.D. Mich. 2009)(Defense counsel was not ineffective in failing to challenge for cause two jurors who either were prior victims of crimes or who had family members who were prior victims of crimes, where each juror indicated that they could serve on the jury and be impartial, and there was no

apparent reason to disbelieve the jurors' affirmations).

Petitioner has failed to show that he was prejudiced by counsel's failure to challenge this juror for cause, in light of the fact that the juror stated that he could be fair and impartial in deciding petitioner's case. *See Baze v. Parker*, 371 F.3d 310, 318-22 (6th Cir. 2004). "In assessing whether a juror was actually biased against a defendant, this court considers the totality of the juror's statements." *Holder v. Palmer*, 588 F.3d 328, 340 (6th Cir. 2009). The juror here indicated that he would try to be fair and impartial. Petitioner presented no evidence that the juror's answers were untrue or that he was actually biased against petitioner. *Id*., at 342. "Although defense counsel's decision to leave the [juror] on the panel might have been ill-advised, criminal defense lawyers should be given broad discretion in making decisions during voir dire." *Id*. "Few decisions at trial are as subjective or prone to individual attorney strategy as juror voir dire, where decisions are often made on the basis of intangible factors." *Id*. (quoting *Miller*, 269 F.3d at 620). Petitioner's "challenge to the state court's decision under the *Strickland* test does not reach the high threshold established by AEDPA for the granting of habeas relief." *Id*. Thus, the Michigan Court of Appeals' decision to reject petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of federal law. *Id*.

Petitioner did not raise before the Michigan Courts a claim pertaining to the second juror watching the news and discussing the matter with family members, therefore this part of his claim is unexhausted and not subject to review.

Petitioner alleges that trial counsel was ineffective by failing to request a due diligence hearing on the victim's unavailability. This Court has already found that the prosecutor did not fail to show the exercise of due diligence in making the victim available for trial. *See* Issue 1. Because there was no showing that the victim could be made available for trial, counsel was not ineffective for failing to request a due diligence hearing. Petitioner's claim is meritless. *See e.g. Reedus v. Stegall*, 197 F. Supp. 2d 767, 784 (E.D. Mich. 2001), *aff'd*, 79 F. App'x 93 (6th Cir. 2003)(Defendant was not denied effective assistance of appellate counsel based on appellate counsel's failure to raise claims of prosecutor's failure to exercise due diligence in locating a witness and trial court's failure to inquire into witness's availability on direct appeal, where claims lacked merit.)

### E. Claim # 5. The habitual-offender claim.

Petitioner alleges that the state courts had no jurisdiction to charge him as a habitual offender because the prosecutor allegedly filed the supplemental information charging him with being an habitual offender more than 21 days past the arraignment.

Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner's claim that the state had no jurisdiction to charge him with the habitual offender charge under Michigan law does not state a claim that is cognizable in federal habeas review. *Tolbert v. LeCureaux,* 811 F. Supp. 1237, 1240-1241 (E.D. Mich. 1993). Due process does not require advance notice that a trial on a substantive criminal charge will be followed by an habitual offender charge. Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles,* 368 U.S. 448, 452 (1962). The Notice of Intent to Seek Sentence Enhancement was filed July 5, 2012, three days following petitioner's preliminary examination.

In the present case, petitioner did not dispute that he had prior convictions that would make him eligible to be sentenced as an habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Therefore, petitioner cannot complain that he was denied due process. *Oyler,* 368 U.S. at 453-454; *Washington v. Cowan,* 25 F. App'x 425, 426 (7th Cir. 2001). Petitioner's claim is non-cognizable and without merit.

Therefore, he is not entitled to relief on his fifth claim.

**F. Claim # 6. The sentencing guidelines/judge-found facts claim.**

Petitioner alleges that the trial court judge erred by considering factors beyond what was admitted to by petitioner or which were found by a jury beyond a reasonable doubt, when scoring the sentencing guidelines variables.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 ( 2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106-07. The Supreme Court, however, indicated that the ruling in *Alleyne* did not mean that every fact influencing judicial discretion in

sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial, *see People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364, 870 N.W.2d at 506 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at 391-92, 870 N.W.2d at 520-21 (relying on *Booker*, 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

The remedy under *Lockridge* is a remand for the trial court judge to determine if he would impose the same sentence even without the guidelines.  The

Supreme Court stated that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich. at 397. This remedy is based on the procedure adopted by the Second Circuit in *United States v. Crosby*, 397 F.3d 103, 117–118 (2nd Cir. 2005). *See Lockridge*, 498 Mich. at 395–396.

The Michigan Supreme Court remanded petitioner's case to the trial court for the judge to determine whether he would have imposed a materially different sentence but for the sentencing guidelines. *People v. Dickens*, 498 Mich. 915, 871 N.W.2d 159, 160 (2015).

The trial court addressed petitioner's *Lockridge* claim in an order entered pursuant to petitioner's motion for relief from judgment, as follows:

> [U]pon Defendant's filing an Application for Leave to Appeal to the Michigan Supreme Court, on November 24, 2015, the Michigan Supreme Court, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, reversed in part the judgment of the Court of Appeals and remanded this case to this Court to determine whether this Court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). See, *People v Dickens*, Order of the Michigan Supreme Court dated November 24, 2015 (Docket No. 149906). Following remand, on February 12, 2016, this Court entered an Order affirming Defendant's original sentence in this matter. See, Order Following

Remand from the Michigan Supreme Court Re: Resentencing dated
February 12, 2015.

Opinion and Order, ECF No. 18-12, Page ID.1871.

The trial court judge, on remand and post-conviction review, stated on the record that he would have imposed the same sentence. Petitioner's *Lockridge* claim is moot. *See Hill v. Sheets,* 409 F. App'x 821, 824-25 (6th Cir. 2010)(The Michigan Supreme Court's decision to vacate petitioner's life sentence and order his re-sentencing in conformance with the United States Supreme Court's holdings in *Miller* and *Montomery* thus moots petitioner's sentencing claims). Furthermore, petitioner's judge-found facts claim has been presented to the trial court. The Court indicated that it would impose the same sentence after the guidelines were deemed to be advisory. Petitioner has already asked "the sentencing court if it would change its mind once the guidelines became advisory." *Reign v. Gidley*, No. 18-1086, 2019 WL 3001001, p. 5 (6th Cir. July 10, 2019). Therefore, "there was no constitutional error in the substance of the sentencing court's decision." *Id.* Petitioner is not entitled to relief on his sixth claim.

### G.  Claim # 7.  The prosecutorial misconduct claim.

Petitioner alleges that the prosecutor committed misconduct in his closing and rebuttal arguments by referring to the victim's age and fragile condition.

Respondent contends that petitioner's claim is procedurally defaulted because the Michigan Court of Appeals rejected petitioner's claim on the ground that petitioner had failed to preserve it by objecting at trial.  Petitioner argues that trial counsel was ineffective for failing to object to the misconduct.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus

form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of the prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

The Michigan Court of Appeals rejected petitioner's claim:

> According to the record, the prosecutor cited to the victim's age and his fragile condition on multiple occasions. Although the defense submits that this argument was designed to appeal to the jury's sympathy, we note that the victim was unavailable to testify, and therefore, his testimony was read at trial by another individual. Arguably, the prosecutor's comments were devised to address the disparity between the individual who read the testimony at trial and the appearance and condition of the actual victim. Nonetheless, if we assume the comments were improper, defendant failed to establish plain error affecting his substantial rights. There can be no prejudice to defendant where the evidence of his commission of the crimes was overwhelming. Although the victim could not identify defendant, a police officer saw the carjacking in progress, and his vehicle collided with defendant as he fled the gas station. Police officers gave chase and never lost sight of defendant until his arrest. Therefore, this issue does not entitle defendant to appellate relief.

*People v. Dickens*, 2014 WL 2753708, p. 2 (internal citations omitted).

A federal district court on habeas review of a state court conviction can proceed directly to a harmless error analysis of a habeas petitioner's claims without first reviewing the merits of the claim or claims, "when it is in the interest of judicial economy and brevity to do so." *Dittrich v. Woods*, 602 F. Supp. 2d 802, 809 (E.D. Mich. 2009); *aff'd in part and rev'd in part on other grds,* 419 F. App'x 573 (6th Cir. 2011). Because of the compelling evidence of guilt in this case, the Court will move directly to the issue of harmlessness as to any potential error. *See e.g. United States v. Cody,* 498 F.3d 582, 587 (6th Cir. 2007).

In deciding whether prosecutorial misconduct mandates that habeas relief be granted, a federal court must apply the harmless error standard. *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. Where a prosecutor's conduct does not have a substantial or injurious effect on the outcome of the trial, habeas relief should be denied. *See Maurino v. Johnson*, 210 F.3d 638, 644 (6th Cir. 2000).

In light of the overwhelming evidence of petitioner's guilt, the prosecutor's references to the victim's age and fragility did not have a substantial and injurious effect or influence on the verdict. Petitioner is not entitled to relief on his claim.

The Court rejects petitioner's related ineffective assistance of counsel claim. "The prejudice prong of the ineffective assistance analysis subsumes the *Brecht* harmless-error review." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). In light of the overwhelming evidence of guilt, petitioner was not prejudiced by trial counsel's failure to object to the alleged misconduct.

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. "The district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus. The Court further DENIES a certificate of appealability and and leave to appeal *in forma pauperis*.

**SO ORDERED.**


                        s/Paul D. Borman
                        PAUL D. BORMAN
                        UNITED STATES DISTRICT JUDGE

Dated: July 31, 2019