**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EVEREGE VERNOR DICKENS,

    Petitioner,                                  CASE NO. 2:17-11560
                                                 HONORABLE PAUL D. BORMAN
v.                                             UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

    Respondent.
_____/

## ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL (Doc. 30) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On July 31, 2019, this Court denied the petition for a writ of habeas corpus, declined to issue a certificate of appealability, and denied leave to appeal *in forma pauperis*.

On August 19, 2019, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. (Doc. 29). On the same day, petitioner filed an application or motion to proceed without prepaying fees and costs on appeal with this Court, although the heading on the motion is addressed to the United States Court of Appeals for the Sixth Circuit. For the reasons stated below, the Court orders that the motion to proceed without prepayment of fees and

1

costs on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Johnson v. Woods,* No. 5:12–11632; 2013 WL 557271, p. 2 (E.D. Mich. Feb. 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, Petitioner's motion to proceed without prepayment of fees and costs on appeal would be more appropriately addressed to the Sixth Circuit. In the interests of justice, this Court can order that petitioner's application to proceed without prepayment of fees and costs be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424; 2012 WL 6097323, p. 2 (E.D. Mich. Dec. 6, 2012).

**IT IS HEREBY ORDERED** that the Clerk of the Court transfer the "Application [Motion] to Proceed Without Prepaying Fees and Costs on Appeal" (Doc. 30) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

Dated:  August 26, 2019                     s/Paul D. Borman
                                            Paul D. Borman
                                            United States District Judge